## STEFFEN v. W. J. SCHOENBERGER CO.

Civ. No. 26610.

United States District Court
N. D. Ohio, E. D.

May 2, 1950.

Daniel P. King, Bruce B. Krost, Cleveland, Ohio, for plaintiff.

C. F. Taplin, Jr., Cleveland, Ohio, Edwin T. Bean, John B. Bean, Buffalo, N. Y., F. O. Richey, H. F. McNenny, H. F. Schneider, D. W. Farrington, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for breach of a patent license.

Defendant moves to dismiss the action because the license is illegal and unenforceable. The motion is based on paragraph 15 of the complaint which states:

"Said License Agreement * * * bound and obligated the * * * defendant * * *

"(c) to refrain from making and selling valves containing substitute and competitive or non-royalty-paying constructions, not subject to the said License Agreement; and

"(d) to desist and abstain from shelving or shunting the valves * * * in favor of valves containing substitute and competitive or non-royalty-paying constructions, not subject of said License Agreement."

Defendant cites National Lockwasher Co. v. Garret Co., 3 Cir., 137 F.2d 255, and McCullough v. Kammerer Corp., 9 Cir., 166 F.2d 759, in support of its contention. These cases held that provisions such as (c) and (d) above in a patent license constituted an abuse of the patent monopoly and made the patent unenforceable in a patent infringement action.

A cursory reading of the license agreement involved in this cause shows that it contains no provisions similar to (c) and (d) above. Section (c) and (d) appear to

be but an attorney's conclusions as to the implied obligations arising out of the license agreement and binding on the defendant. The cases, General Finance Corp. v. Dillon, 10 Cir., 172 F.2d 924, 925, and Guardino Tank Processing Corp. v. Olsson, Sup., 89 N.Y.S.2d 691, do indicate that the attorney would be justified in so concluding. Even if he were right in assuming such implied covenants attached to the agreement, the Lockwasher and McCullough cases supra would not be authority for dismissing this action. At best they would merely prevent recovery on grounds (c) and (d) above and would not convert a seemingly valid patent license into an illegal and unenforceable contract.

The motion will be overruled.